FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE ANTONIO CONTRERAS,<br><br>               Petitioner,<br><br>v.<br><br>JAMES KEY, Superintendent,<br><br>               Respondent. | NO: 4:21-CV-5012-RMP<br><br>ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS |

BEFORE THE COURT is Petitioner Jose Antonio Contreras's First Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, ECF No. 11. Mr. Contreras challenges his confinement under a state court judgment entered for his conviction of first-degree arson. ECF No. 15-1 at 213–20.

Petitioner asserts that he is entitled to habeas relief based on violations of his rights under the Fourth and Fourteenth Amendment of the United States Constitution. ECF No. 11 at 5–7. The Court dismissed Petitioner's Fourth Amendment claim as barred under *Stone v. Powell*, 428 U.S. 465, 481–82, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (declining to grant habeas relief for a Fourth

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 1

Amendment claim where the state court provided full and fair litigation of the claim). ECF No. 12 at 2–3. Having considered Petitioner's remaining claim in the amended petition, the record, and relevant law, the Court is fully informed.[1]

## BACKGROUND

Petitioner Jose A. Contreras, a Washington State prisoner proceeding *pro se*, brings the instant habeas action under 28 U.S.C. § 2254. Mr. Contreras is serving a 100-month sentence, as the result of a March 2018 jury conviction from Benton County Superior Court, for first-degree arson. ECF No. 15-1 at 209–11, 216. The conviction also included special verdicts for causing a fire that was manifestly dangerous to human life and damaging a dwelling. *Id.* at 211.

### A.   Direct Appeal

On April 12, 2018, Mr. Contreras, through counsel, filed a notice of appeal with Division Three of the Washington State Court of Appeals, challenging his conviction based on ineffective assistance of counsel and prosecutorial misconduct. ECF No. 15-1 at 230–31.[2] *Id.* at 230–31. He also filed a *pro se* Statement of Additional Grounds, as permitted under state law, citing several statutes and provisions including the Fourth, Fifth, and Fourteenth Amendments of the United

---

[1] Mr. Contreras did not file a reply to his Petition for Writ of Habeas Corpus.
[2] Petitioner also argued that the trial court imposed a $200 criminal filing fee and $100 DNA fee as mandatory, in contradiction of an intervening decision in *State v. Ramirez*, 191 Wash. 2d 732, 426 P.3d 714 (2018). ECF No. 15-1 at 236–37. The State agreed that the fees should be stricken. *Id.* at 265.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 2

1  States Constitution, state court rules ("CR") regarding speedy trial, and the Code of

2  Judicial Conduct ("CJC"). *Id.* at 244–48.³ The appellate court affirmed the

3  conviction but remanded for the trial court to strike the criminal filing and DNA

4  collection fees. *Id.* at 269; *see also State v. Contreras*, No. 35975-1-III, 2019 WL

5  2477004 (Wash. Ct. App. June 13, 2019).⁴ Mr. Contreras, proceeding *pro se*, filed a

6  motion for reconsideration, which the court denied.⁵ ECF No. 15-1 at 282–87, 289.

7       Mr. Contreras next sought review by the Washington State Supreme Court.

8  *Id.* at 291–304.⁶ He presented the following claims to the court: (1) the prosecution

9  failed to state a valid claim in violation of CR 12(b)(6), (2) statements made by

10 defense counsel constituted fraud pursuant to state criminal rule 7.8(b)(3), and (3)

11 the trial court judge's ex parte communications with appellate counsel during

12 pending proceedings violated CJC 2.9. *Id.* at 292; *cf. id.* at 295, 298–99. The

---

³ On October 24, 2018, Mr. Contreras, proceeding *pro se* filed a Motion to Dismiss with Prejudice. ECF No. 15-1 at 325. Given that Mr. Contreras was represented by counsel on direct appeal and the motion did not relate to his Statement of Additional Grounds, the court of appeals rejected the filing with no action taken. *Id.*

⁴ In considering Petitioner's Statement of Additional Grounds, the court noted that Mr. Contreras "cites the due process component of the Fifth and Fourteenth Amendments and then cites to civil court rules" about when documents need to be signed. ECF No. 15-1 at 279. The court concluded that it did "not know how those two theories connect and what error Contreras asserts." *Id.*

⁵ The motion for reconsideration did not cite to the Fifth or Fourteenth Amendment but instead stated broad and vague questions about the crime of arson and damage to the building. ECF No. 15-1 at 282–287.

⁶ Mr. Contreras originally filed a motion for discretionary review with the court of appeals. ECF No. 15-1 at 332. The motion was treated as a petition for review and assigned to the Washington State Supreme Court. *Id.*

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 3

Washington State Supreme Court denied review on January 8, 2020, and the mandate issued on January 13, 2020. *Id.* at 336–37. Mr. Contreras filed a writ of *certiorari* in the United States Supreme Court, which was denied. ECF No. 11 at 3.

### B.  Personal Restraint Petitions

On April 19, 2019, Mr. Contreras, proceeding *pro se*, filed a petition for writ of habeas corpus with the state supreme court and it was transferred to the court of appeals for review as a timely filed personal restraint petition. ECF No. 15-1 at 339–343, 364–66. He argued that (1) his due process rights were violated under the Washington State Constitution, (2) no legal basis supported his conviction, and (3) his speedy trial rights under the Washington State Constitution were violated. *Id.* at 340–41. The following month, Mr. Contreras filed a motion under Washington State Rule of Appellate Procedure ("RAP") 16.15(b) for release on bail or personal recognizance. ECF No. 15-1 at 369–72.[7]

The appeals court consolidated the petition and motion and dismissed the petition as frivolous, stating that "Mr. Contreras's conclusory allegations are insufficient to merit relief." *Id.* at 457–58. Moreover, the court observed that his claims mirrored the claims advanced in his Statement of Additional Grounds, all of which "were specifically rejected by th[e] court" on direct appeal. *Id.* at 458. The

---

[7] Both the personal restraint petition and the motion under RAP 16.15 were stayed until the mandate for Mr. Contreras's direct appeal issued. ECF No. 15-1 at 367, 383, 385.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 4

court also denied the motion for release, holding that Mr. Contreras did not demonstrate that his confinement is unlawful. *Id.*

On October 15, 2020, Mr. Contreras filed a motion for discretionary review of the dismissal of his personal restraint petition. *Id.* at 472–74. He argued, without citing to any statutory or legal authority, that the State failed to prove the essential elements of first-degree arson beyond a reasonable doubt. *Id.* at 473. In response, the State asserted that Mr. Contreras "failed to allege anything other than a bald conclusion" and that "there was more than sufficient evidence to prove that the defendant was guilty" of first-degree arson. ECF No. 15-1 at 485, 489. In his reply, for the first time ever, Mr. Contreras cited to the Fourteenth Amendment of the United States Constitution in arguing that the State was required to prove every element of the crime beyond a reasonable doubt. *Id.* at 499–500.

The Washington State Supreme Court Commissioner found that the lower court properly dismissed the petition as frivolous based on the duplicative issues raised and because the claims were not sufficiently supported by factual allegations. *Id.* at 504–05. The Order dismissing Mr. Contreras's personal restraint petition became final on March 1, 2021. *Id.* at 507.

On June 2, 2021, Petitioner filed the instant first amended petition for habeas relief, asserting violations of (1) his due process rights under the Fourteenth Amendment and (2) the prohibition against unreasonable search and seizure under

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 5

the Fourth Amendment. ECF No. 11. Only the due process claim remains before the Court for consideration. *See* ECF No. 12.

## STANDARD OF REVIEW

A petition for writ of habeas corpus on behalf of a prisoner in state custody is brought under 28 U.S.C. § 2254. Relief under § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the review of Mr. Contreras's claims because he filed the petition after April 24, 1996. *See Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).

A federal court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990).

The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). Under this standard, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004)). In short, the petitioner bears the heavy burden to show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

## DISCUSSION

### A. Timeliness

Respondent James Key does not contest the timelines of the petition for habeas relief. The Court finds that Mr. Contreras filed his federal petition within the statute of limitations; additionally, he filed his amended petition within the sixty-day deadline set forth in the Court's prior Order. *See* ECF Nos. 1, 10, 11.

### B. Exhaustion of State Remedies

Petitioner's sole ground for habeas relief is that his federal due process rights were violated because the State failed to prove the elements of the crime of first-degree arson beyond a reasonable doubt. ECF No. 11 at 5. The State argues that Mr. Contreras "failed to exhaust state remedies regarding his insufficiency claim because no such claim was presented, face-up and squarely, to the Washington Supreme Court." ECF No. 14 at 14.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 7

To present a claim to a federal court for review in a habeas corpus petition, a petitioner first must exhaust the remedies available in the state court. *See* 28 U.S.C. § 2254(b)(1). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003). To satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (quoting *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982)). A claim is fairly presented where the state prisoner identifies "both the operative facts and the legal theories that animate the claim." *Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014).

In the instant case, Petitioner consistently failed to present a due process claim based on the Fourteenth Amendment of the United States Constitution on direct appeal. His appeal to the Washington State Court of Appeals raised unrelated challenges to prosecutorial misconduct and ineffective assistance of trial counsel. ECF No. 15-1 at 230. Although Petitioner's Statement of Additional Grounds made vague reference to the Fifth and Fourteenth Amendments, he did not link his legal citations with any factual argument about insufficient evidence at trial. *Id.* at 244, 246. Rather, as the court of appeals correctly observed, Petitioner's allegations misunderstood that the State's filing of an information charged him with committing a crime and otherwise failed to state "how or why"

his federal constitutional rights were violated. ECF No. 15-1 at 278–79. The petition for discretionary review to the state supreme court also did not cite to a Fifth or Fourteenth Amendment claim as an issue presented for review. *Id.* at 292.

Turning to Petitioner's post-conviction proceedings, he again failed to fairly cite a federal due process claim for the state court to review. His personal restraint petition made a vague reference to violation of his due process rights, but he based his claim on the Washington State Constitution, not the Fourteenth Amendment. *Id.* at 341. Petitioner's subsequent motion for discretionary review questioned whether the State proved "the essential elements of the alleged crime[,]" but he again grounded the issue as a violation of state, not federal, constitutional rights. *Id.* at 473–74.

In his reply for discretionary review, Petitioner cited a state case, *State v. Turner*, 58 Wash. 2d 159, 361 P.2d 581 (Wash. 1961), to support his claim regarding failure to prove the essential elements of the crime charged. *Id.* at 499–500. Then, for the first time in all of his filings on direct appeal and collateral review, Petitioner referenced the requirement to prove every element beyond a reasonable doubt under the Fourteenth Amendment of the United States Constitution. *Id.* at 500 (citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)). Petitioner did not factually develop this argument in the context of his claims on review.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 9

The Ninth Circuit affirmed the dismissal of a habeas petition where the petitioner "did not fairly present his federal due process claim" to the Arizona appellate courts. *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005). There, the petitioner's briefing to the Arizona Court of Appeals "was all but devoid of any language presenting his federal due process argument." *Id.* at 1000. Similarly in this case, Petitioner failed to reference a due process violation under the Fourteenth Amendment, for purposes of the State's obligation to prove the essential elements of the crime, until his reply brief for discretionary review to the Washington Supreme Court Commissioner.

Unlike the individual in *Castillo*, Petitioner's reply did specifically cite to the Fourteenth Amendment and relevant Supreme Court precedent. *See* ECF No. 15-1 at 500 (citing *In re Winship*, 397 U.S. at 364). However, Respondent persuasively argues that Washington State court rules require claims to be raised "in the party's *opening* brief" and "state appellate courts will not consider arguments raised for the first time in a reply brief," as was the case here. ECF No. 14 at 19 (citing *Cowiche Canyon Conservancy v. Bosley*, 118 Wash. 2d 801, 809, 828 P.2d 549 (1992); *In re Det. of McGary*, 155 Wash. 2d 771, 784 n.8, 231 P.3d 205 (2010)). Mr. Contreras was made aware of these rules during an earlier post-conviction proceeding when the court of appeals noted that the additional claims in his reply brief were raised "'too late to warrant consideration.'" ECF No. 15-1 at 459 (quoting *Cowiche*, 118 Wash. 2d at 809). Accordingly, the Court finds that

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 10

Petitioner failed to fairly present his Fourteenth Amendment due process claim before the state court, and the Court will not allow him "to argue now what should have been argued in hindsight." *Castillo*, 399 F.3d at 1003.

### C. Evidentiary Hearing

A petitioner is not entitled to an evidentiary hearing on a claim that was not sufficiently developed in state court proceedings unless one of two exceptions applies. First, an exception exists for an underdeveloped claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(i), (ii). Second, the petitioner may show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). A district court may rule on a habeas petition without holding an evidentiary hearing if the "issues . . . can be resolved by reference to the state court record." *Totten v. Merkie*, 137 F.3d 1172, 1176 (9th Cir. 1998).

Here, Mr. Contreras failed to develop the factual basis for his Fourteenth Amendment due process claim in state court. Neither of the above statutory exceptions excuses this deficiency. Regardless, the state court record is sufficient to resolve Petitioner's claim without holding an evidentiary hearing.

# CONCLUSION

The Court finds that Mr. Contreras has failed to exhaust the remedies available in state court on his Fourteenth Amendment due process claim for relief. Accordingly, his petition under 28 U.S.C. § 2254 must be denied.

An appeal of this Order may not be taken unless a circuit judge or district court judge issues a certificate of appealability. 28 U.S.C. § 2253. A district court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The Court finds that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith; thus, there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. 11**, is **DENIED**.

2. The Petition is **DISMISSED WITHOUT PREJUDICE**.

3. Judgement shall be entered for Respondent.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel and Mr. Contreras, and **close the file**. A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

**DATED** April 18, 2022.

                                       *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                       Senior United States District Judge